UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY WILLIAMS | : : | |
| v. | : : | PRISONER<br>Case No. 3:12cv592 (VLB) |
| DANA BROOKS, ET AL. | : : | July 27, 2012 |

RULING AND ORDER

The plaintiff, Stanley Williams, was an inmate at Corrigan-Radgowski Correctional Institution ("Corrigan") in Uncasville, Connecticut when he filed this civil rights action *pro se* pursuant to 28 U.S.C. § 1915 against prison employees at New Haven Correctional Center ("New Haven Correctional"). He alleges that for several months prior to his arrest in May 2009, he engaged in a sexual relationship with Correctional Officer Dana Brooks. At the time, the plaintiff was not aware that Officer Brooks was employed by the Department of Correction. After prison officials transferred the plaintiff to New Haven Correctional, he became reacquainted with Officer Brooks and they began to have sexual relations in the staff bathroom within the plaintiff's housing unit

On July 28, 2011, Officer Brooks and the plaintiff were involved in verbal argument and ended their relationship. Later that day, Officer Brooks searched the plaintiff's cell outside of his presence and confiscated two photographs depicting them together. The plaintiff was in court at the time of the search.

On July 31, 2011, the plaintiff learned that Correctional Officer Brooks had fired him from his unit job. The plaintiff spoke to Captains Ross and Bathrich and

1

Lieutenant Castor about the incident.

On August 4, 2011, Captain Bathrich arranged to have the plaintiff transferred to a different housing unit. Before the plaintiff was moved to another unit, however, Correctional Officer Brooks accused him of threatening her and issued him a disciplinary report. Initially, the plaintiff refused to be escorted to the segregation unit by Lieutenant Shaheed, but later agreed to have Captains Ross and Bathrich escort him. The plaintiff learned later that day that Officer Brooks had filed charges with the Connecticut State Police against him. The following day, the prison officials transported the plaintiff to New Haven Superior Court and arraigned on the threatening charge.

In September 2011, during a trial on the termination of his parental rights as to his son, Officer Brooks testified and tried to malign his character. The plaintiff was subsequently transferred from New Haven Correctional to MacDougall Correctional Institution ("MacDougall").

At MacDougall, the plaintiff informed several officials about the sexual relationship he had engaged in with Officer Brooks. A Connecticut State Police officer came and took the plaintiff's statement. In October 2011, prison officials at MacDougall transferred the plaintiff to Garner Correctional Institution. In November 2011, the plaintiff gave another statement to the Connecticut State Police about his relationship with Officer Brooks, but chose not to press charges against her. The plaintiff seeks monetary damages.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison

Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision of the Prison Litigation Reform Act requires the denial of plaintiff's application to proceed *in forma pauperis* in this case. The plaintiff previously has had three cases dismissed as frivolous. *See, e.g., Williams v. Tilghman*, 3:93cv952(AHN) (dismissed 5/7/93); *William v. McKnight*, 3:11cv535(VLB) (dismissed 6/20/11); *Williams v. Kostecki*, 3:11cv536(VLB) (dismissed 11/21/11); and *Williams v. UCONN Medical Center*, 3:10cv2036(VLB) (dismissed 11/18/11).

Because the three strikes provision applies in this case, the plaintiff may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). To proceed without prepayment of the filing fee, the plaintiff must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97.

In addition, the danger of imminent harm must be present at the time the complaint is filed. See id. at 296. As indicated above, the plaintiff was incarcerated at Corrigan when he filed this action in April 2012.[1] The plaintiff's allegations against correctional officers and officials from New Haven Correctional regarding events that occurred at New Haven Correctional from July to October 2011 does not satisfy this requirement. Thus, the plaintiff fails to demonstrate that he was in danger of imminent harm at the time he filed the complaint.

## Conclusion

The Order [Doc. No. 5] granting the plaintiff's Application to Proceed In Forma Pauperis is VACATED. The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from the plaintiff's inmate account pursuant to the plaintiff's Prisoner Authorization Form be returned to the plaintiff. No further funds shall be collected from the plaintiff's prisoner account pursuant to the Prisoner Authorization Form. The plaintiff's Application to Proceed In Forma Pauperis [Doc. No. 2] is DENIED.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending the plaintiff's delivery of the filing fee in the amount of $350.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604. Failure to tender

---

[1] The Department of Correction website reflects that the plaintiff, Stanley Williams - Inmate Number 60365 - is still incarcerated at Corrigan. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=60365 (last visited July 16, 2012).

the filing fee within twenty (20) days from the date of this Order will result in the dismissal of this action.

SO ORDERED this 27th day of July 2012, at Hartford, Connecticut.

                                                       _____/s/_____
                                                       VANESSA L. BRYANT
                                                       UNITED STATES DISTRICT JUDGE